## JONES et al. v. VILEY et al.

## CROWTHER BROS. MILLING CO. v. SAME.

### Nos. 938, 939.

District Court, D. Idaho, E. D.

Sept. 6, 1935.

D. W. Thomas, of Malad City, Idaho, and Jones, Pomeroy & Jones, T. D. Jones, and Ralph H. Jones, all of Pocatello, Idaho, for plaintiffs.

John A. Carver, U. S. Dist. Atty. for Idaho, and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys. for Idaho, all of Boise, Idaho, for defendants.

CAVANAH, District Judge.

As these two actions present the same questions on the motions to dismiss and to dismiss the defendant John A. Carver, United States District Attorney of the District of Idaho, and to dissolve the temporary restraining orders, they will be disposed of together.

Since the filing of the complaints, the Agricultural Adjustment Act was amended on August 24, 1935 (7 USCA § 602 et seq.), which prohibited the bringing of any suit or proceeding for the purpose of restraining the assessment and collection of the tax imposed under the act, or of obtaining a declaratory judgment under the Federal Declaratory Judgments Act (Jud. Code § 274d, 28 USCA § 400), and has provided a procedure to test the validity of the tax assessed by giving a remedy at law, and has taken away the jurisdiction of the United States District Court to render decisions under the declaratory act under which the present actions are brought. The procedure and remedy provided for in the amended act (7 USCA § 602 et seq.) requires the plaintiffs to file a claim for any of such taxes paid, with the Commissioner of Internal Revenue, and after hearing before the Commissioner, the record of such proceedings may be, by a claimant, filed in the United States District Court and there proceeded with, and the provisions of section 3226 Revised Statutes (as amended June 6, 1932, 26 USCA §§ 1672–1673) are extended to apply to any such suit for the recovery of any amount of any such tax, penalty, or interest under the act, which accrued before, on, or after the date of the adoption of the amendment, and gives the right to maintain a suit after such proceedings have been had before the Commissioner of Internal Revenue. If a judgment is then obtained in the court, the same may be included in the budget for payment, and submitted to Congress, by the President. Section 765, title 28 USCA and section 583 of title 31 USCA.

So the procedure and remedy having now been provided for by Congress and consent to sue the United States being given in an action at law involving the validity of the assessment and collection of the money to be paid under the Agricultural Adjustment Act, a suit in equity cannot prevail and therefore the temporary restraining orders so issued should not continue as the Declaratory Judgments Act is not open to the court for determining the question here involved, whether the money to be paid under the act is a tax or not, plaintiffs must proceed in an action at law, and not under the Declaratory Judgments Act in an equity proceeding. The jurisdiction of the United States courts and the remedy afforded when proceeding under the Agricultural Adjustment Act are now defined in the amendment as being in an action at law. Congress having the power to say only when suit may be brought in the courts of the United States against the United States, it is

clear that the remedy granted to test the validity·of the assessment and its collection is that prescribed in the amended act.

It appears also that on August 15, 1935, in the cases of Fisher Flouring Mills Company v. Alex McK. Vierhus et al. (Centennial Flouring Mills Company v. Alex McK. Vierhus, and Ritzville Flouring Mills v. Alex McK. Vierhus) 78 F.(2d) 889 (9 C. C. A.), the identical question under the Agricultural Adjustment Act, as amended, 7 USCA § 601 et seq., as to whether a temporary restraining order should issue restraining the collection of an amount called a tax, which had been assessed under the act, was involved. The majority opinion of the court refused to issue a temporary restraining order, holding that a remedy at law was given to the plaintiff and a suit in equity cannot be sustained. The court there stated that they were not passing upon the constitutionality of the act, but that their decision was confined to the question of the propriety of issuing temporary injunction pending the appeal. The trial court in that case also declined to issue a temporary restraining order.

The Circuit Court of Appeals of this Circuit having so held, that under the Agricultural Adjustment Act, under which the present cases are brought, that the processor's remedy was at law and that relief cannot be granted in an equity proceeding, or the issuance of a temporary restraining order, which is controlling, requires this court to decline the continuance of the temporary restraining orders issued herein and to dismiss the present actions as they are actions in equity. The question as to whether the assessment to be made and its collection under the Agricultural Adjustment Act is constitutional or not, or whether the assessment is a tax or not, is not here decided as the primary question confronting us in the present actions is one of remedy and Congress having prescribed the remedy together with the decision of the Ninth Circuit Court of Appeals, it seems that the court is forced to the conclusion here reached.

It follows, therefore, from what has been said that the plaintiffs have not exhausted all of their legal remedies and the motions to dissolve the temporary restraining orders heretofore issued and to dismiss the defendant John A. Carver, United States District Attorney of Idaho, and the actions, are granted.